UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMEL PURNELL,

                              Plaintiff,

        -against-

CAPT. WILLIAMS; NYC DOC; OFFICER
JOHN DOE 1; OFFICER JOHN DOE 2;
OFFICER JOHN DOE 3; OFFICER JOHN DOE
4; OFFICER JOHN DOE 5; OFFICER JOHN
DOE 6,

                              Defendants.

22-CV-5956 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

        Plaintiff, who is currently detained at the Robert N. Davoren Complex, brings this *pro se*

action under 42 U.S.C. § 1983. He alleges that on July 4, 2021, when he was detained at the

Anna M. Kross Center (AMKC), Defendants used excessive force against him.

        By order dated July 25, 2022, the Court granted Plaintiff's request to proceed *in forma*

*pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.      New York City Department of Correction**

Plaintiff's claims against the New York City Department of Correction (DOC) must be

dismissed because, as an agency of the City of New York, the DOC cannot be sued in the name

of the agency. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of

penalties for the violation of any law shall be brought in the name of the city of New York and

not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New*

*York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d

385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal

agency."). Instead, Plaintiff's claims against the DOC must be brought against the City of New

York.

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of

New York, the Court construes the complaint as asserting claims against the City of New York,

and directs the Clerk of Court to amend the caption of this action to replace the DOC with the

City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses

the City of New York may wish to assert.

**B.      Service on the City of New York**

The Clerk of Court is directed to electronically notify the New York City Department of

Correction and the New York City Law Department of this order. The Court requests that the

City of New York and Captain Williams waive service of summons.

2

## C.   Identifying John Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the John Doe officers involved in extracting Plaintiff from his cell at AMKC on July 4, 2021. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.[3]

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the newly identified Defendants to waive service.

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the New York City Law Department must provide a residential address where the individual may be served.

[3] Plaintiff has not provided a badge number for Captain Williams, and the DOC may be unable to identify and waive service for Captain Williams. If so, the Court directs the New York City Law Department, under *Valentin v. Dinkins*, to identify a badge number for Captain Williams and provide this to Plaintiff and the Court, together with the information for the John Doe defendants.

**D.    Automatic Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled <u>"Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."</u> Within 120 days of the date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction because it lacks the capacity to be sued. The Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to add the City of New York as a Defendant.

Local Civil Rule 33.2 applies to this action. An Amended Civil Rights Complaint form is attached to this order.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Captain Williams and the City of New York waive service of summons.

The Clerk of Court is further directed to: (1) mail a copy of this order and the complaint to the New York City Law Department at 100 Church Street New York, NY 10007; and (2) mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
      New York, New York

      7/28/22

                                     JOHN G. KOELTL
                              United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 2:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 3:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 4:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Case 1:22-cv-05956-JGK   Document 8   Filed 07/29/22   Page 10 of 11

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____


## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated _____        Plaintiff's Signature _____

First Name _____    Middle Initial _____    Last Name _____

Prison Address _____

County, City _____    State _____    Zip Code _____

Date on which I am delivering this complaint to prison authorities for mailing: _____